ON APPLICATION FOR REHEARING
PER CURIAM:
Plaintiff’s application for rehearing directs attention to the fact that we failed to distinguish Avery v. Scott, 216 So.2d 111 (La.App.2d Cir. 1968), contending that the Avery case “fits the instant case like a glove.” There the motorist’s negligence was the sole cause of the accident.
In Avery, a 13 year old bicyclist was riding an unlighted bicycle in an easterly direction along the south side of Airline Drive in Bossier City during or shortly after the twilight period. The area involved was well lighted by mercury type street lights and the additional lights of the Weingarten parking lot situated just to the south of the scene of the accident. An oncoming westbound motorist overtook and passed a slower moving motorist in a no passing area clearly marked with double yellow stripes. During this maneuver he struck the bicyclist while the bicyclist was not more than one and a half to two feet from the south shoulder of the road.
We distinguish the Avery case for several reasons. There the accident occurred in a metropolitan area, well lighted by mercury type street lights and the additional lights of the Weingarten parking lot situated just to the south of the scene of the accident. The unlighted vehicle was a bicycle and there is no suggestion that the bicyclist was riding his unlighted bicycle at a high rate of speed. The oncoming motorist passed a slower moving vehicle in a no passing area marked with double yellow stripes.
In the instant case, the accident occurred in a rural area and there were no mercury vapor lights. The evidence to support plaintiff’s contention that the area was well lighted was less than convincing. The unlighted vehicle was a motorcycle traveling between 25 to 35 miles per hour. Here plaintiff did not establish that the oncoming motorist crossed double yellow lines. Instead the oncoming motorist was slowly turning at a properly marked intersection.
The application for rehearing is denied.